Colcock, J.
This is the second time this case has beeu before us. (Harpers L. R. 235.J I si^j] express no opinion on any of the grounds but the third; on which a new trial must be granted. On this ground a new trial was formerly granted, and there has been no new evidence gwen to vary the case. V> here the assured undertake to state all the circumstances which can affect the risk, they must do so fully and faithfully. The rule admits of no exceptions. It cannot be an excuse to say (when a loss has taken place) that the insurers knew such a fact, and, therefore, it was not communicated. It is asked, why tell a man what he already knows? The answer is very plain and forceable, because you have *389 uxpressly undertaken to do so; and from the nature of the Contract, and the relative situation of the parties, it is necessary that you should do so. The case illustrates the usefulness and propriety of the rule. It is said the underwriters knew that this vessel had come from the Havana, and had been loaded there. Now let it be conceded for a moment that they did know it — they also knew that her cargo might have been discharged here and reshipped, and that then this would have been the port of departure, and the sailing from hence, the commencement of the voyage, and have brought the case within the language and meaning of the offer. Here it is urged that if it be admitted that the underwriters knew the fact of the arrival of the vessel from the Havana, and her having been loaded there, that then they should have enquired as to the other facts. But it must be perceived that this is at once destroj ing the effect of the rule, and imposing on the underwriters a duty which the insured, by the contract, had undertaken to perform. The law on this point is well established, and after what has been said in the former opinion delivered in this case, it is not deemed necessary to add any further observations. The verdict is a violation of the law in this most important provision and strikes at the very foundation of the contract of insurance. It has been suggested that the jury may have thought the fact hot material, but it cannot be believed that any twelve impartial men possessed of ordinary understanding can think it was unimportant, that this vessel had shipped her cargo at a Spanish port, when it was incontrovertibly proved that the Spanish Patriot vessels were cruising in the Mediterranean and actually capturing Spanish vessels and goods at ‘hat time. And in addition to this, there was an expression of an opinion by every witness conversant with mercantile affairs, that it was an important fact and did increase the risk.
The motion is, therefore granted. •